IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FIREDISC, Inc., *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> DONALD J. TRUMP, in his official capacity § <br> as President of the United States, *et al.*, § <br> § <br> Defendants. § | Case No. 1:25-cv-01134-DAE |

## DEFENDANTS' OPPOSED MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF DEFENDANTS' MOTION TO TRANSFER

Defendants move to stay all proceedings in this case, including briefing on plaintiffs' motion for summary judgment, pending resolution of defendants' motion to transfer this case under 28 U.S.C. § 1631 to the United States Court of International Trade (CIT). Pursuant to Local Rule CV-7(i), defendants conferred with plaintiffs via email regarding their position on the motion to stay. Plaintiffs indicated that they are opposed to the relief requested.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A stay is warranted where it will preserve party and judicial resources to no one's detriment and simplify the issues before the Court. *Id.* at 254–55. Furthermore, motions to transfer should "take[] a top priority in the handling of [a] case by the … District Court." *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Prioritizing decision on a motion to transfer "prevent[s] the waste of time, energy and money" spent on litigating in the wrong court, and "protect[s] litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

The Court should briefly stay proceedings in this case—including defendants' deadline to respond to plaintiffs' motion for summary judgment—while it considers defendants' motion to transfer to the CIT. As explained in the motion to transfer, this Court lacks jurisdiction over plaintiffs' claims, all of which challenge the President's imposition of tariffs and thus fall within the CIT's exclusive jurisdiction. 28 U.S.C. § 1581(i). In almost every challenge to the tariffs at issue here, courts have concluded that the CIT has exclusive jurisdiction. *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350, 1365–67 (Ct. Int'l Trade 2025); *California v. Trump*, 2025 WL 1569334 (N.D. Cal. June 2); *Barnes v. United States*, 2025 WL 1483384, at *2–3 (Ct. Int'l Trade May 23); *Emily Ley Paper v. Trump*, 2025 WL 1482771 (N.D. Fla. May 20);[1] *Webber v. U.S. Dep't of Homeland Sec.*, 2025 WL 1207587 (D. Mont. Apr. 25). One court has reached a different conclusion, but that decision was stayed pending appeal. *Learning Res., Inc. v. Trump*, 2025 WL 1525376 (D.D.C. May 29), *appeal pending*, No. 25-5202 (D.C. Cir.).

The near-unanimous consensus that district courts lack jurisdiction over tariff challenges indistinguishable from plaintiffs' reflects the strength of defendants' arguments and is reason alone to stay proceedings. Considering plaintiffs' motion for summary judgment, despite this Court's lack of subject-matter jurisdiction, would be an exercise in futility and would amount to reversible error. *See Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995) ("We have consistently refused to allow district courts to adjudicate issues which belong solely to the Court of Claims, even though some other statute conferring jurisdiction would otherwise allow the district court to hear the case.").

---

[1] The plaintiffs in *Emily Ley Paper* are also represented by counsel for plaintiffs here. After the district court transferred *Emily Ley Paper* to the CIT, the case was stayed pending resolution of *V.O.S. Selections* on appeal. *Emily Ley Paper Inc. v. Trump*, No. 1:25-cv-00096, ECF No. 46 (Ct. Int'l Trade June 16, 2025). This action was filed three days after the CIT denied the *Emily Ley Paper* plaintiffs' motion to reconsider the stay. *Id.* ECF No. 49 (Ct. Int'l Trade July 18, 2025).

Even if it were not clear that this Court lacks jurisdiction, a brief stay of all other proceedings pending resolution of defendants' jurisdictional transfer motion would still be warranted. A stay will permit the Court to decide defendants' motion to transfer without the waste of judicial and party resources that would occur if the Court grants defendants' motion to transfer after the parties have already been required to complete briefing on plaintiffs' motion for summary judgment. *See, e.g.*, *Transcapital Leasing Assocs. 1992-VII, L.P. v. United States*, 2005 WL 8160535, at *1 (E.D. Tex. Apr. 26) (staying proceedings pending resolution of a motion to transfer under 28 U.S.C. § 1631 that was ultimately denied).

Plaintiffs will not be prejudiced by a stay. It is the norm, not a source of prejudice, for substantial time to elapse between the filing of a complaint and summary judgment briefing. Moreover, plaintiffs' choice to wait to sue for months after the imposition of the tariffs they challenge belies any claim that time is now of the essence. For another, proceedings are in cases closely resembling plaintiffs' are well underway in the correct forum, and resolution of those cases will be instructive—or perhaps even controlling—in this case. *See V.O.S. Selections, Inc. v. Trump*, 2025 WL 1649290 (Fed. Cir. June 10) (en banc) (staying the CIT's universal injunction against the tariffs plaintiffs here challenge and scheduling argument for July 31, 2025).

For these reasons, the Court should stay all proceedings in this case, including briefing on plaintiffs' motion for summary judgment, pending resolution of defendants' motion to transfer.

| | |
|---|---|
| Dated: July 28, 2025 | Respectfully submitted, |
| OF COUNSEL: | **BRETT A. SHUMATE** <br> Assistant Attorney General |
| **ALEXANDER K. HAAS** <br> Director | **ERIC J. HAMILTON** <br> Deputy Assistant Attorney General |
| **STEPHEN M. ELLIOTT** <br> Assistant Director <br> U.S. Department of Justice <br> Civil Division <br> Federal Programs Branch | **PATRICIA M. McCARTHY** <br> Director <br><br> **CLAUDIA BURKE** <br> Deputy Director |
| **SOSUN BAE** <br> Senior Trial Counsel <br> **BLAKE W. COWMAN** <br> **COLLIN T. MATHIAS** <br> **CATHERINE M. YANG** <br> Trial Attorneys <br> U.S. Department of Justice <br> Civil Division <br> Commercial Litigation Branch | **JUSTIN R. MILLER** <br> Attorney-In-Charge <br> International Trade Field Office <br><br> */s/ Luke Mathers* <br> **LUKE MATHERS** <br> Trial Attorney <br> Illinois State Bar No. 6330094 <br> U.S. Department of Justice, Civil Division <br> Commercial Litigation Branch <br> 26 Federal Plaza, Room 346 <br> New York, New York 10278 <br> (212) 264-9236 (phone) <br> (212) 264-1916 (fax) <br> Luke.Mathers@usdoj.gov <br><br> **Attorneys for Defendants** |

## **CERTIFICATE OF CONFERENCE**

  I hereby certify that I conferred with counsel for plaintiffs via email on July 28, 2025, regarding this motion. Plaintiffs' counsel indicated that they were opposed to the motion, and we were unable to resolve that opposition.

            */s/ Luke Mathers*
            **Luke Mathers**
            Trial Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Andrew J. Morris
John J. Vecchione
New Civil Liberties Alliance
4250 North Fairfax Dr., Suite 300
Arlington, Virginia 22203

*/s/ Luke Mathers*
**Luke Mathers**
Trial Attorney