**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| FIREDISC, Inc., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:25-cv-01134-DAE |
| | § | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY**

Plaintiffs oppose a brief stay of proceedings for the Court to resolve a threshold jurisdictional problem because they believe that the delay will prejudice them and that defendants would not be burdened by a premature motion for summary judgment. ECF No. 11 (Resp.) 1-5. But plaintiffs waited months to sue in a court that lacks subject-matter jurisdiction. Their own delay belies the idea that a brief stay to permit the Court to decide the motion to transfer will now be the source of any prejudice to plaintiffs. Nor would briefing plaintiffs' motion for summary judgment be an efficient use of anyone's time. The Court should stay all proceedings in this case pending resolution of defendants' motion to transfer to the United States Court of International Trade (CIT).

Plaintiffs argue over the precise standard for imposing a stay, Resp. 3-4, but overlook the bottom line: "The district court possesses the inherent power to control its docket," which "includes the authority to decide the order in which to hear and decide pending issues." *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 & nn.5-6 (5th Cir. 1998) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Defendants ask the Court to exercise "its discretionary authority to handle this case in the most efficient way" by "rul[ing] upon the potentially dispositive issue" of transfer for lack of subject-matter jurisdiction "first," before taking up a premature motion for summary judgment. *Id.* at 218.

On that note, contrary to plaintiffs' suggestion, Resp. 2-4, briefing summary judgment before defendants have responded to the complaint would be inefficient. Summary judgment is premature at this point. *See, e.g.*, *Phongsavane v. Potter*, 2005 WL 1514091, at *5 (W.D. Tex. June 24); *Watkins v. Monroe*, 2019 WL 1869864, at *1 (E.D. Tex. Mar. 27). Indeed, defendants have not had the opportunity to test plaintiffs' allegations that they (and one or more of the Game Manufacturers Association's unnamed members) have even paid the tariffs that they challenge. Defendants are not required to just take plaintiffs' word for it.

For another, even if summary judgment were appropriate in this case's infancy (it is not), it would still be an inefficient use of the Court's and the parties' resources to continue litigation in a forum without subject-matter jurisdiction. This Court has repeatedly agreed, staying proceedings pending resolution of a jurisdictional issue. *See, e.g.*, *Cochenour v. 360training.com, Inc.*, 2025 WL 1954062, at *2 (W.D. Tex. July 8); *L2 Prods., LLC v. Sport Fishing Championship Advanced Media, Inc.*, 2025 WL 1162733, at *1 (W.D. Tex. Mar. 31); *Rosales v. Wormuth*, 2024 WL 1336464, at *3-4 (W.D. Tex. Mar. 28); *Serafine v. Abbott*, 2021 WL 3616102, at *1-2 (W.D. Tex. May 12); *Laufer v. Patel*, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1). Plaintiffs offer little justification for departing from that consensus here—apart from suggesting that this Court should be content to receive cut-and-paste briefing from defendants, Resp. 1, 3.

Nor are plaintiffs' complaints of prejudice persuasive. Resp. 2, 4. To start, it is not true that plaintiffs' alleged damages are "non-recoverable." *Id.* 4. Plaintiffs can sue in the CIT to obtain a refund of any non-liquidated tariffs that were unlawfully collected from them. 28 U.S.C. §§1581, 2643. And, just as importantly, plaintiffs offer no explanation for why they waited months after the tariffs they challenge were imposed to sue in the wrong court. The most they say is that suing here might allow the underlying legal issues to "'percolate' in the district courts and the Circuits," Resp. 5 n.2, but that both fails to explain their lengthy delay and ignores that Congress created a court with exclusive

jurisdiction over cases arising out of laws providing for tariffs. *See* 28 U.S.C. § 1581(i). But issues cannot percolate in a court that lacks jurisdiction to decide them, and a desire to forum-shop is no basis for a claim of prejudice.

Plaintiffs also misunderstand defendants' point that the Federal Circuit is currently considering cases indistinguishable from theirs that were—by plaintiffs' own admission—filed months ago. Resp. 3, 5. Defendants did not argue that this case must be stayed pending the resolution of *V.O.S. Selections*; rather, that *V.O.S. Selections* continues to progress through appeal and will be instructive (or perhaps controlling) here is just more proof that plaintiffs will not be prejudiced by a brief stay for the Court to decide defendants' motion to transfer.

Finally, plaintiffs devote a third of their stay brief to responding to defendants' transfer motion. Plaintiffs accuse defendants of offering "a new argument" for the CIT's exclusive jurisdiction over this case, Resp. 8, but that is not true. Defendants consistently have argued that the CIT has exclusive jurisdiction over challenges to Presidentially imposed tariffs under 28 U.S.C. § 1581(i)(1)(A) and (D), including because they are implemented through the Harmonized Tariff Schedule of the United States. That the CIT and district courts have found *multiple* paths to virtually uniform agreement that the CIT has jurisdiction based on § 1581(i)(1)(A) and (D), Resp. 6-9, underscores the weakness of plaintiffs' jurisdictional theory—not any strength.

For these reasons, the Court should stay all proceedings in this case, including briefing on plaintiffs' motion for summary judgment, pending resolution of defendants' motion to transfer.

Dated: August 5, 2025

Respectfully submitted,

OF COUNSEL:

**ALEXANDER K. HAAS**
Director

**STEPHEN M. ELLIOTT**
Assistant Director
U.S. Department of Justice
Civil Division
Federal Programs Branch

**SOSUN BAE**
Senior Trial Counsel
**BLAKE W. COWMAN**
**COLLIN T. MATHIAS**
**CATHERINE M. YANG**
Trial Attorneys
U.S. Department of Justice
Civil Division
Commercial Litigation Branch

**BRETT A. SHUMATE**
Assistant Attorney General

**ERIC J. HAMILTON**
Deputy Assistant Attorney General

**PATRICIA M. McCARTHY**
Director

**CLAUDIA BURKE**
Deputy Director

**JUSTIN R. MILLER**
Attorney-In-Charge
International Trade Field Office

*/s/ Luke Mathers*
**LUKE MATHERS**
Trial Attorney
Illinois State Bar No. 6330094
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236 (phone)
(212) 264-1916 (fax)
Luke.Mathers@usdoj.gov

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Andrew J. Morris
John J. Vecchione
New Civil Liberties Alliance
4250 North Fairfax Dr., Suite 300
Arlington, Virginia 22203

*/s/ Luke Mathers*
**Luke Mathers**
Trial Attorney