IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FIREDISC, Inc., *et al.*, §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>DONALD J. TRUMP, in his official capacity §<br>as President of the United States, *et al.*, §<br>§<br>Defendants. § | Case No. 1:25-cv-01134-DAE |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully notify the Court of the August 29, 2025 decision of the *en banc* Federal Circuit in *V.O.S. Selections, Inc. v. United States*, No. 2025-1812 (Fed. Cir.), available at 2025 WL 2490634. In that decision, the *en banc* court unanimously concluded that the Court of International Trade (CIT) possesses exclusive jurisdiction in the first instance, under 28 U.S.C. § 1581(i), over challenges to tariffs imposed under the International Economic Emergency Powers Act (IEEPA), including the same tariffs plaintiffs in this case challenge. The Federal Circuit's jurisdictional holding confirms that this Court should grant defendants' motion to transfer, ECF No. 9, and stay proceedings in this case while it considers transfer to the CIT, ECF No. 10.

The Federal Circuit has unanimously now joined the near-unanimous consensus across the lower courts that district courts lack jurisdiction over these tariff challenges. *V.O.S. Selections*, --- F.4th ----, 2025 WL 2490634, at *8-9, 18, 30 (Fed. Cir. Aug. 29, 2025). The Federal Circuit first explained the nature of an exclusive jurisdictional scheme: "By granting exclusive jurisdiction to the CIT, section 1581(i) removes specific actions from the general federal-question jurisdiction of the district courts (under 28 U.S.C. § 1331) and places them in the jurisdiction of the CIT." *Id.* at *8 (cleaned up). The Circuit made clear that "[t]o determine jurisdiction pursuant to [section 1581(i)], [courts] do not have to decide whether the statute does in fact confer such authority" because "[t]hat question goes to the

merits of the claim" and "[j]urisdiction is the court's authority to decide the case either way." *Id.* at *9 (cleaned up). The Federal Circuit then confirmed that the challenge to the IEEPA tariffs "arose from a law providing for tariffs such that the CIT had exclusive jurisdiction in the first instance" under section 1581(i). *Id.* at *8-9. Because the "Challenged Executive Orders purport to modify the HTSUS" (the Harmonized Tariff Schedule of the United States), "[t]hese modifications to HTSUS are thus purported laws of the United States" by operation of 19 U.S.C. § 3004(c)(1)(A) and (C). *Id.* at *9. Accordingly, "a lawsuit challenging tariffs effectuated by such a modification arises out of a law of the United States providing for tariffs," and "the CIT has exclusive jurisdiction" over such cases. *Id.*

The Federal Circuit also addressed the lone district court decision that has concluded otherwise, identifying two problems with that court's analysis. *Id.* n.11 (discussing *Learning Resources, Inc. v. Trump*, 2025 WL 1525376 (D.D.C. May 29, 2025)). First, the Circuit noted that the D.D.C. decision "appears to erroneously conflate the merits question of whether IEEPA authorizes tariffs with the jurisdictional issue." *Id.* In any event, the Circuit explained that "whether or not IEEPA itself is a 'law providing for tariffs,' the Challenged Executive Orders, which direct modifications to the HTSUS, are such laws." *Id.* And the Federal Circuit concluded that its jurisdictional holding "is consistent with the reason why Congress established this exclusive jurisdiction in the first place," namely, "to remedy the confusion over the division of jurisdiction between the [CIT] and the district courts and to ensure uniformity in the judicial decisionmaking process." *Id.* at *9 (quoting *K Mart Corp. v. Cartier, Inc.*, 485 U.S. 176 (1988)).

On the merits, the Federal Circuit held, in a 7-4 split, that IEEPA does not authorize the challenged tariffs. *Id.* at *10-18. Defendants disagree with that merits decision and have petitioned the Supreme Court for a writ of certiorari. *See also V.O.S. Selections*, No. 25-1812, ECF No. 161 (Fed. Cir. Aug. 29, 2025) (withholding issuance of the mandate through October 14, 2025, to permit the

parties to file a petition for a writ of certiorari). But on the threshold matter of jurisdiction, the Circuit's unanimous holding that jurisdiction over these challenges lies exclusively in the CIT warrants this Court's transfer of this action to the CIT and stay of the action until the time of such transfer.

Dated: September 3, 2025

OF COUNSEL:

**ALEXANDER K. HAAS**
Director

**STEPHEN M. ELLIOTT**
Assistant Director
U.S. Department of Justice
Civil Division
Federal Programs Branch

**SOSUN BAE**
Senior Trial Counsel
**BLAKE W. COWMAN**
**COLLIN T. MATHIAS**
**CATHERINE M. YANG**
Trial Attorneys
U.S. Department of Justice
Civil Division
Commercial Litigation Branch

Respectfully submitted,

**BRETT A. SHUMATE**
Assistant Attorney General

**ERIC J. HAMILTON**
Deputy Assistant Attorney General

**PATRICIA M. McCARTHY**
Director

**CLAUDIA BURKE**
Deputy Director

**JUSTIN R. MILLER**
Attorney-In-Charge
International Trade Field Office

/s/ Luke Mathers
**LUKE MATHERS**
Trial Attorney
Illinois State Bar No. 6330094
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236 (phone)
(212) 264-1916 (fax)
Luke.Mathers@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 3rd day of September, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Andrew J. Morris
John J. Vecchione
New Civil Liberties Alliance
4250 North Fairfax Dr., Suite 300
Arlington, Virginia 22203

                 */s/ Luke Mathers*
                 **Luke Mathers**
                 Trial Attorney