**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| FIREDISC, Inc.; The Game Manufacturers Association, <br><br> *Plaintiffs,* <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; UNITED STATES OF AMERICA; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; PETE R. FLORES, in his official capacity as Acting Commissioner for U.S. Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION, <br><br> *Defendants*. | Civil Case No. 1:25-cv-01134 <br><br><br> **PLAINTIFFS' WITHDRAWAL OF OPPOSITION TO AND CONSENT TO TRANSFER TO THE COURT OF INTERNATIONAL TRADE PURSUANT TO 28 U.S.C. § 1631** |

**PLAINTIFFS' WITHDRAWAL OF OPPOSITION AND CONSENT TO TRANSFER
TO THE COURT OF INTERNATIONAL TRADE PURSUANT TO 28 U.S.C. § 1631**

Plaintiffs now consent to the transfer of this matter to the Court of International Trade.

Subsequent to the filing of the Complaint in this matter the Defendants on July 28, 2025 moved

for transfer to the Court of International Trade ("CIT") pursuant to 28 U.S.C. § 1631.  DE 9

("Defendant's Opposed Motion to Transfer").  At the same time they moved for a stay.  DE 10

1

(Motion for Stay).  Plaintiffs opposed the stay on August 4, 2025.  DE 11.  Plaintiffs opposed

transfer on August 11, 2025. DE 14.  Upon the Supreme Court's grant of certiorari in *Learning*

*Resources v. Trump*, 146 S. Ct. 73 (Mem) (2025), this court stayed the matter holding all other

motions in abeyance.  DE 24.  The Supreme Court recently held that this Court lacks jurisdiction

to hear challenges to Defendants' levy of tariffs under the International Emergency Economic

Powers Act ("IEEPA").  *Learning Resources, Inc. et. al. v. Trump, et. al.*, 146 S. Ct. 628, 637 n.1

(2026).

Upon the decision in that matter undersigned Plaintiff's counsel discovered that the

counsel for record in this matter for Defendants, Luke Mathers, left the Department of Justice

and was in private practice.  No one has substituted.  Because undersigned counsel is in other

such cases with the Justice Department, he contacted lawyers in those cases to inquire what to do

with no counsel of record.  I was contacted by Mathias Rabinovitch of the Department of Justice

on March 30, 2026 who informed me the Departments' preferred method of dealing with the case

was:

> We reviewed the docket and the easiest course of action may be for Plaintiff to withdraw the opposition to transfer and ask the Court that the case should be transferred as the Government had previously requested. This would resolve the issue on the first Transfer Motion—and would also create a cleaner docket for the Court of International Trade. This way, we would not need to file any additional appearances on our part.

Email from Mathias Rabinovitch to John J. Vecchione dated March 30, 2026.

Plaintiffs are content to withdraw their opposition to the motion to transfer and have the matter

moved to the CIT where such cases are being moved and have already been moved in other

matters involving undersigned counsel.  Having been before this court before he wished to make

the manner and authority behind this request apparent to the court.  In an abundance of caution

2

Plaintiff lays out further legal support for this withdrawal of opposition and in support of transfer.

Plaintiffs FIREDISC, Inc. and The Game Manufacturers Association respectfully withdraw their opposition dated August 11, 2025 to transfer.  DE 14.

**DISCUSSION**

This action challenges Defendants' levy of tariffs under the International Emergency Economic Powers Act ("IEEPA").  *See generally*, Pl's Compl., ECF No. 1.  When Plaintiffs filed suit, courts were split as to whether litigants could challenge the IEEPA tariffs outside CIT.  *See V.O.S. Selections, Inc. v. United States*, 772 F.Supp.3d 1350, 1365 (C.I.T. 2025) ("The Court of International Trade has exclusive jurisdiction to hear this action[.]"); *see also Learning Resources, Inc. v. Trump*, 784 F.Supp.3d 209, 230 (D.D.C. 2025) ("this Court, not the CIT, has jurisdiction over this lawsuit.").  That split remained unresolved until the Supreme Court's *Learning Resources* decision, where the held that such a suit "falls within the exclusive jurisdiction of the CIT." 146 S. Ct. at 637 n.1. .  146 S. Ct. at 637 n.1.  The Court also held that Defendants lack authority under IEEPA to impose the tariffs Plaintiffs challenged in this case.  *Id*. at 646 ("IEEPA does not authorize the President to impose tariffs.").

Because this Court lacks subject-matter jurisdiction, it should transfer the case to CIT. Transfer under 28 U.S.C. § 1631 "is proper when: (1) the transferee court would have been able to exercise jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interests of justice."  *Bluestone Partners, LLC v. Lifecycle Construction Services, LLC*, 642 F.Supp.3d 560, 564 (E.D. Tex. 2022) (citation omitted).  "The

decision to transfer a case lies within the discretion of the district court." *Orix Public Finance, LLC v. Lake County Housing and Redevelopment Authority*, No. 3:11-CV-0678-D, 2011 WL 3628958, at *8 (N.D. Tex. Aug. 16, 2011) (citing *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam)).

Each requirement is met here. First, CIT possesses subject-matter jurisdiction over the claims presented in this case—and it had jurisdiction at the time Plaintiffs filed their complaint—as Plaintiffs' claims are the same as those raised by the plaintiffs in *Learning Resources*. Second, as discussed above, this Court lacks subject-matter jurisdiction. Third, transfer serves the interests of justice here, as it "promote[s] judicial efficiency, conserve[s] the parties' resources, and avoid[s] duplication of efforts." *Arias v. Mercedes-Benz USA, LLC*, No. 20-00546-BAJ-SDJ, 2021 WL 1206600, at *5 (M.D. La. Mar. 30, 2021). Moreover, Plaintiffs correspondence with the Department of Justice cited above demonstrates that transfer would not prejudice Defendants. *Bluestone Partners, LLC*, 642 F.Supp.3d at 568 (explaining that the defendants were not prejudiced by a transfer where they had "agree[d] to" the request).

This Court should therefore grant Plaintiffs unopposed motion to transfer this action to CIT.

Dated: April 1, 2026                 Respectfully submitted,

                                          **NEW CIVIL LIBERTIES ALLIANCE**

                                          /s/ *John J. Vecchione*
Andrew J. Morris (DC Bar #411865)
John J. Vecchione (DC Bar #431764)
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive
Suite 300
Arlington, VA 22203
Tel: (202) 869-5210
Fax: (202) 869-5238
andrew.morris@ncla.legal
john.vecchione@ncla.legal

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Luke Mathers
Trial Attorney
International Trade Field Office
26 Federal Plaza, Room 346
New York, NY 10278

In addition, I emailed Mathias Rabinovitch (CIV) <Mathias.Rabinovitch@usdoj.gov> of the Department of Justice a copy of this pleading upon filing.

/s/ *John J. Vecchione*
John J. Vecchione